IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL A. MOORE, Sr., ) | |
| St. Clair County Jail, # 440470, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-1064-GPM |
| ) | |
| MEARL JUSTUS, ) | |
| PHILLIP McLAURIN, ) | |
| THOMAS L. TRICE, ) | |
| OFFICER McPETE, ) | |
| OFFICER CLAYTON, ) | |
| OFFICER HARRIS, ) | |
| OFFICER COLLINS, and ) | |
| OFFICER WILSON, ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Michael A. Moore, who is currently a pretrial detainee at the St. Clair County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims he was subjected to excessive force. According to Plaintiff, on December 17, 2011, he and 13 other inmates were taken to a "holdover" cell following a confrontation between the detainees and officers. On December 21, 2011, Plaintiff was taken to another location where he was physically assaulted by the "officers named in this complaint[.]" (Doc. 1, p. 7). Plaintiff did not provoke this assault nor did he offer any resistance. Yet, the officers kicked and punched him on his head and body. According to Plaintiff, the officers removed each detainee from the cell, one by one, and administered beatings. Afterwards, many prisoners had visible injuries. Plaintiff seeks damages and discipline of the officers involved.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds Plaintiff has articulated a colorable federal claim for excessive force against the officers who took part in beating him. Plaintiff's complaint does not specifically name which Defendants personally administered the beatings. However, Plaintiff identifies the perpetrators as "officers," and names five Defendants whom he describes with the title "correctional officer" (Doc. 1, pp. 3-4). Giving liberal construction to Plaintiff's complaint, the Court concludes Plaintiff has alleged personal involvement by the following "correctional officer" Defendants: McPete, Clayton, Harris, Collins, and Wilson.

However, there is no indication in the complaint that Defendants Justus (county sheriff), McLaurin (jail superintendent), or Trice (sheriff's department investigator) were directly involved in the beating, or even aware of the officers' conduct. Supervisory personnel cannot be held liable for the misconduct of their subordinates merely because of their status as managers. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged any of these three Defendants were personally responsible for the deprivation of a constitutional right. Indeed, these Defendants are not mentioned, even by title, in Plaintiff's statement of claim (Doc. 1, p. 7). Accordingly, Defendants Justus, McLaurin, and Trice are **DISMISSED with prejudice**. *See Brady v. Aldridge,* No. 12-2179, 2012 WL 4373391 (7th Cir. Sept. 26, 2012) ("We add that the district court properly dismissed [plaintiff's] claim against [defendant] because the doctrine of *respondeat superior* does not apply to § 1983 suits and [plaintiff] did not allege that [defendant] was personally responsible for his dental care."), (citing

*Knight v. Wiseman,* 590 F.3d 458, 462-63 (7th Cir. 2009)); *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006).

**Disposition**

Defendants **JUSTUS, McLAURIN**, and **TRICE** are **DISMISSED with prejudice.** The Clerk of Court shall prepare for Defendants **MCPETE, CLAYTON, HARRIS, COLLINS,** and **WILSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court. Defendants are ORDERED to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**

**DATED**: December 10, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge